**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| FABIO APARECIDO DE SOUSA and JULIO MIRANDA CALDEIRA, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON SIDING APPLICATION INC., <br> Defendant. | Civ. No. 4:25-cv-12046-MRG |

<u>**ORDER ON DEFAULT JUDGMENT UNDER FED. R. CIV. P. 55(b)**</u>

**GUZMAN, D.J.**

Plaintiffs Fabio Aparacido de Sousa and Julio Miranda Caldeira bring this suit against Defendant Amazon Siding Application Inc. ("Amazon") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; the Massachusetts Payment of Wages Act, Mass. Gen. Laws ch. 149, § 148 *et seq*; and the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws ch. 151, § 1, alleging that Amazon failed to properly compensate Plaintiffs at the correct overtime premium for the hours worked in excess of 40 per week and defaulted on the payment of Plaintiffs' final weeks of work. [See Compl., ECF No. 1]. Plaintiffs filed their complaint on July 21, 2025. [Id.] Defendant failed to answer or otherwise respond, despite being served on July 25, 2025.[1] [ECF No. 7]. Before the Court is Plaintiffs' unopposed motion for default judgment and petition for attorney's fees. [ECF No. 14]. For the reasons stated below, the motion is **<u>GRANTED</u>**.

## I.    <u>BACKGROUND</u>

---

[1] An Affidavit of Service was filed with this Court on August 14, 2025. [ECF No. 7].

1

### A.  <u>Relevant Facts</u>

Plaintiffs allege that they were hired as laborers by Defendant Amazon and routinely worked over 40 hours pers week without proper compensation for their overtime hours. [Compl. ¶¶ 19–22]. In addition to the unpaid overtime, Plaintiffs assert that they were not compensated for the last few weeks of work for Defendant. [<u>Id.</u> ¶ 23]. Plaintiffs assert that this improper payment was a result of an intentional, ongoing policy or practice to minimize labor costs in violation of state and federal law. [<u>Id.</u> ¶¶ 24–28].

### B.  <u>PROCEDURAL HISTORY</u>

Plaintiffs initially filed this suit in federal court on July 21, 2025. [Compl.] An affidavit of service was filed on August 14, 2025, stating that service was rendered to Defendant on July 25, 2025. [ECF No. 7]. On September 8, 2025, Plaintiffs requested a notice of default due to Defendant's failure to respond. [ECF No. 8]. The Court entered default in March 2026, [ECF No. 10], and Plaintiff subsequently moved for default judgment including a petition for attorney's fees. [ECF No. 14].

### II.    <u>LEGAL STANDARDS</u>

"[Federal Rule of Civil Procedure] 55(b)(2) authorizes judgment by default where, as here, default against defendants have been entered for defendants' failure to appear, or to plead or otherwise defend." <u>Vuitton Malletier v. Forty</u>, No. CV 03-2277 (JAG), 2005 WL 8167941, at *3 (D.P.R. Sept. 8, 2005), <u>report and recommendation adopted sub nom.</u> <u>Louis Vuitton Malletier v. Lincoln Fantasy</u>, No. CV 03-2277 (JAG), 2005 WL 8167907 (D.P.R. Oct. 31, 2005). "Unless set aside for good cause, the entry of default deprives defendant of the right to contest the factual

allegations of the complaint." Id. (citing Note at page 851, FED. CIV. RULES HANDBOOK, THOMSON-WEST, 2004 Edition).

Following entry of default, the Court may enter judgment by default by accepting as true any well-pleaded factual allegations in the complaint to determine whether it alleges a cause of action. Id. (citing Ramos-Falcon v. Autoridad de Energía Eléctrica, 301 F.3rd 1, 2 (1st Cir. 2002); Quirindongo Pacheco v. Rolón Morales, 953 F. 2d 16, 16 (1st Cir. 1992)). Although the facts alleged in the complaint are taken as true, "the facts must be sufficiently well pleaded to support the requested judgment; otherwise, the district court may require 'such hearings . . . as it deems necessary and proper . . . .'" Int'l Union of Operating Eng'rs, Loc. 4 v. Stanley Excavation, 243 F.R.D. 25, 27 (D. Me. 2007) (quoting Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 12 n. 8 (1st Cir.1985); Fed. R. Civ. P. 55(b)(2)).

### III.    DISCUSSION

#### A.  Damages under the FLSA and Massachusetts Wage Acts

Plaintiffs assert that they are owed a total of $104,931 in wages for undercompensated or uncompensated labor provided to Amazon Siding Application Inc. [Compl. ¶ 10; ECF No. 14-4]. The number represents the treble damages which is applied to wage violations under Mass. Gen. Laws ch. 149, § 150 and ch. 151, § 1A.

Mass. Gen Laws ch. 149, §§ 148 and 150 and Mass. Gen Laws 151, §§ 1A and 1B, confer a private right of action for an employee "aggrieved" by an employer's violations of these provisions. Under these chapters, if an employee prevails against their employer, they "shall be awarded treble damages . . . and shall also be awarded the costs of the litigation and reasonable attorney's fees." See Mass. Gen. Laws ch. 149, §150; Mass. Gen. Laws ch. 151, § 1B. In their

3

complaint, Plaintiffs claimed treble damages, as well as costs and attorney's fees. [Compl. ¶¶ 32, 34]. Any employer found to violate the FLSA is liable for the amount of unpaid minimum wages or their unpaid overtime compensation, and reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b).

Plaintiff Caldeira asserts $9,177.00 in unpaid wages throughout his employment period. [ECF No. 14-2 at 7]. He asserts that he was undercompensated for overtime hours worked for fifteen weeks of employment, and that Defendant failed to pay Plaintiff for approximately the last three weeks of his employment entirely. [Id.] When treble damages are applied, Caldeira is owed $27,531.00. [Id.]

Plaintiff Aparecideo De Sousa asserts that he is due $25,800.00 in unpaid wages representing sixty-seven weeks of uncompensated overtime work and three weeks of fully unpaid labor. [ECF No. 14-3 at 15]. When treble damages are applied, Aparecido de Sousa is owed $77,400.00. [Id.]

Without opposition from Defendant, the Court finds that the monetary award for unpaid wages to be appropriate under the statutory schemes of state and federal law. See Mass. Gen. Laws ch. 149, § 150; Mass. Gen. Laws ch. 151, § 1B; 29 U.S.C. § 216(b).

### B. Attorney's Fees

The FLSA and Massachusetts Wage Acts permits a prevailing party to reasonable attorney's fees, including expenses and costs. See Mass. Gen. Laws ch. 149, § 150; Mass. Gen. Laws ch. 151, § 1B; 29 U.S.C. § 216(b). "The term 'prevailing party' is a 'legal term of art.'" Neal v. Omni Bos. Corp., 2025 U.S. Dist. LEXIS 58638, at *37 (quoting Suárez-Torres v. Panaderia y Resposteria España, Inc., 988 F.3d 542, 551 (1st Cir. 2021)). To qualify as a "prevailing party," the party

seeking to recover fees must demonstrate (1) a material change of the legal relationship of the parties (2) that is approved or authorized by the Court. Id. (quoting Suárez-Torres, 988 F.3d at 551). "A material change occurs when the plaintiff succeeds on 'any significant issue in litigation which achieves some of the benefit the [plaintiff] sought in bringing the suit.'" Suárez-Torres, 988 F.3d at 551 (brackets in original) (quoting Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989)). A plaintiff who obtains an "enforceable judgmen[t] on the merits" qualifies as a prevailing party. Neal, 2025 U.S. Dist. LEXIS 58638, at *37 (quoting Buckhannon Bd. & Care Home v. W. VA. Dep't of Health & Human Res., 532 U.S. 598, 604) (holding that the winner of a default judgment qualifies as a prevailing party).

As the Court has ruled in favor of Plaintiffs, they have obtained an enforceable judgment on the merits and have therefore achieved some of the "benefit[s]" of bringing their suit. Suárez-Torres, 988 F.3d at 551; Neal, 2025 U.S. Dist. LEXIS 58638, at *37. Therefore, they qualify as a prevailing party in this case. Accordingly, Plaintiffs are entitled to reasonable attorney's fees and costs.

     i.   Determining the Appropriate Fee Award

"'When fashioning a fee award, the district court ordinarily starts by constructing what has come to be known as the lodestar,' which is generally 'the product of the number of hours appropriately worked times a reasonable hourly rate or rates.'" Neal, 2025 U.S. Dist. LEXIS 58638, at *37 (quoting Hutchinson v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011); see also Marrotta v. Suffolk Cty., 726 F.Supp. 2d 1, 4 (D. Mass. 2010) (using lodestar method for FLSA award). Plaintiffs Aparecido de Sousa and Miranda Caldeira, as the parties seeking the award, have the burden to establish support for their request. Id. Such supporting materials "should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the

law firm's standard billing rates." Id. at 38 (quoting Hutchinson, 636 F.3d at 13). The Court retains

discretion, and has a duty, to modify or reduce a request for attorney's fees based on its "overall

sense of a suit," which may include "winnow[ing] out excessive hours." Id. (first quoting Pérez-

Sosa v. Garland, 22 F.4th 312, 322 (1st Cir. 2022) then quoting Gay Officers Action League v.

Puerto Rico, 247 F.3d 288, 296 (1st Cir. 2001)).

ii.    Hours Reasonably Expended

Under the "lodestar" method for calculating reasonable attorney's fees in the First Circuit,

the first step is to calculate the number of hours reasonably expended by the attorneys for the

prevailing party, excluding those hours that are "excessive, redundant, or otherwise unnecessary."

Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); see also Grendel's Den, Inc. v. Larkin, 749 F.2d

945, 950 (1st Cir. 1984).

Here, Plaintiffs were represented by Attorney Maria Cedeno Cassinelli who recorded 24.50

hours at a rate of $395 per hour. [ECF No. 14-1 ¶ 13]. An affidavit from Attorney Cassinelli was

submitted in support of the hours reasonably requested. [Id. at 1–3]. Plaintiffs have also submitted

records from Attorney which are itemized in tenths-of-an-hour increments and outlay the costs

related to this litigation. [Id. at 4–10].

The Court has reviewed the billing records and affidavits provided by Plaintiffs. The hours

requested do not appear to be "excessive redundant, or otherwise unnecessary" and that plaintiffs'

counsel spent a reasonable amount of time litigating this case given the circumstances. Hensley,

462 U.S. at 434. The motion for default judgment and the requested attorney's fees is unopposed.

6

Accordingly, after careful consideration of the hourly records, and in the absence of any objection from Defendant, the Court will not modify its calculation based on the hours reasonably expended.

### iii.     Reasonable Hourly Rate

Once the Court has determined that the number of hours was reasonably expended, the Court must determine whether the hourly rate provided by counsel is reasonable. An hourly rate is reasonable when it aligns with "prevailing rates in the community" for attorneys of similar "qualifications, experience, and specialized competence." See Gay Officers League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). This determination is made after consideration of "the type of work performed, who performed it, the expertise that it required, and when it was undertaken." Grendel's Den, 749 F.2d at 951. It is the moving parties' burden to establish an attorney's level of skill and experience, and when that party fails to provide documentation as to the attorney's qualifications, a court may reduce the hourly rate. See, e.g., Martinez v. Hodgson, 265 F. Supp. 2d 135, 142-44 (D. Mass. 2003).

Here, the rates appear to be reasonable and are not challenged by Defendant. The Court therefore will not modify its calculation based on the reasonableness of the rates charged by Plaintiffs' counsel.

### iv.     Adjustments

It is within the discretion of the district court to adjust the lodestar figure based on the results obtained by the moving party. See Marrotta v. Suffolk County, 726 F.Supp. 2d 1, 25 (D. Mass. 2010) (citing first Hensley, 462 U.S. at 434, then citing Coutin v. Young & Rubicam P.R.,

Inc., 124 F.3d 331, 338 (1st Cir. 1997).[2] To determine the results obtained by the moving party, a court looks to the moving party's "[(1)] success claim by claim; (2) the relief actually obtained; and (3) the societal importance of the right which has been vindicated." Id. (quoting Mogilevsky, 311 F. Supp. 2d at 221).

Upon careful examination of the record, the Court finds that Plaintiff has filed the appropriate requests for attorney's fees and supporting documents. Plaintiffs have succeeded on each claim brought before the Court via the default judgment. It is ordered that they will be compensated for their lost wages as designed by the statutory framework. See Mass. Gen. Laws ch. 149, § 150; Mass. Gen. Laws ch. 151, § 1B; 29 U.S.C. § 216(b). Finally, this Court concludes that the lodestar sufficiently compensates the parties and equally serves society's interest. See Mogilevsky, 311 F. Supp. 2d at 221 (the rights the FLSA protects are of "substantial importance"); see also Ferman v. Sturgis Cleaners, Inc., 116 N.E. 3d 1196, 1201 (Mass. 2019) (explaining that "[t]he legislature specifically included fee-shifting provisions in the Wage Act to ensure its 'rigorous enforcement' by private parties" and is necessary to "serve the act's purpose, which was 'to prevent the unreasonable detention of wages' by 'unscrupulous employers.'" (quoting Lipsitt

---

[2] A court may also adjust the fee upward or downward by looking to other factors such as "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Diaz v. Jiten Hotel Mgmt, 741 F. 3d 170, 179 (1st Cir. 2013); (quoting Hensley, 462 U.S. at 430 n. 3). Due to the fact that this petition for attorney's fees is uncontested and deemed otherwise reasonable by the Court, the Court does not find it necessary to delve into all of these factors.

v. Plaud, 994 N.E.2d 777 (2013)). Therefore, the Court therefore will not modify its calculation of damages pursued by Plaintiffs in this action.

In addition, Attorney Cassinelli seeks $766.09 in costs related to this litigation, which represents postage, filing, and proof of service of process fees. [ECF No. 14-1 at 7]. The Court determines that this sum is reasonable.

## IV.    CONCLUSION

In sum, the Court enters default judgment against Defendant Amazon Siding Application Inc. in favor of Plaintiffs in the amount of $104,931 in wages. The Court also awards $9,677.50 in attorney's fees, and costs of $766.09.

It is hereby ORDERED that Plaintiffs recover from Defendant Amazon Siding Application Inc. the principal amount of $114,608.50, with costs in the amount of $766.09 and prejudgment interest at the rate of 12% from September 11, 2023, to April 14, 2026, in the amount of $35,644.81 for a total judgement of $151,019.40 with interest as provided by law.

**SO ORDERED.**


Dated: May 22, 2026

 /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge
